IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

BOLESLO ROMERO,

     Plaintiff,

v.                                     No. 24-cv-0684-KWR-JMR

FNU LUCERO, *et al,*

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

     This matter is before the Court on Plaintiff Boleslo Romero's Amended Prisoner Civil Rights Complaint (Doc. 2) (Complaint). Plaintiff is incarcerated and proceeding *pro se*. He alleges prison officials served contaminated food. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

**BACKGROUND**[1]

     Plaintiff is incarcerated at the Penitentiary of New Mexico (PNM). *See* Doc. 2 at 2. The Complaint alleges that in 2023 or 2024, the PNM kitchen served contaminated meat to inmates. *Id.* at 4-5. It further alleges "[t]he kitchen staff knew," and the "other defendant[s] did not inspect the food." *Id.* at 5. Plaintiff developed stomach and digestive issues after eating the contaminated food. *Id.* He filed a grievance, but PNM officials allegedly failed to answer or provide a resolution. *Id.* at 7.

     Based on these facts, the Complaint raises a conditions-of-confinement claim under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. *See* Doc. 2 at 3. The Complaint also

---

[1] For the purpose of this ruling, the Court assumes the facts in the Complaint (Doc. 2) are true.

raises a claim under unspecified "state laws." *Id.* Plaintiff seeks at least $240,000 in damages from

four Defendants: (1) Summit Foods; (2) an Unnamed PNM Warden; (3) Captain Rosenbaucher;

and (4) Deputy Warden Lucero. *Id.* at 2-3. Plaintiff obtained leave to proceed *in forma pauperis,*

and the Complaint is ready for initial review under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma*

*pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also

dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could

not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint

would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The

plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state

a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro*

*se* pleadings are judged by the same legal standards that apply to represented litigants, the Court

can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …

poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.*

However, it is not the "proper function of the district court to assume the role of advocate for the

pro se litigant." *Id.*

## DISCUSSION

The Complaint raises federal claims under 42 U.S.C. § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Applying these standards, the Complaint does not state a cognizable § 1983 claim. The Complaint fails to connect any specific Defendant to the alleged wrongdoing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (the plaintiff's ... passive-voice [allegations] showing that his rights 'were violated' will not suffice [to state a claim]. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."). To the extent Plaintiff intends to sue any entity or supervisory defendant based on a theory of *respondeat superior*, such liability is not available under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Prison supervisors and entity-defendants are only liable under § 1983 where the plaintiff shows: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (addressing prison supervisors). *See also Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to entity-defendants). There are no facts showing any prison supervisor or entity defendant promulgated a policy/custom that caused a constitutional violation. The Complaint therefore fails to state a cognizable § 1983 claim against any Defendant.

Alternatively, even if the allegations connected each Defendant to the wrongdoing, the Complaint fails to state a conditions-of-confinement claim under the Eighth Amendment. Such claim can arise when prison officials deprive an inmate "of essential food, medical care, … [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). "Conditions-of-confinement claims have two prongs: (1) an objective prong, under which the alleged injury must be sufficiently serious, and (2) a subjective prong, under which the prison official who imposed the condition must have done so with deliberate indifference." *Redmond v. Crowther*, 882 F.3d 927, 936 n.3 (10th Cir. 2018).

Serving contaminated food can satisfy the objective component of the test if such circumstances lead to a substantial illness and/or weight loss. *See Womble v. Chrisman*, 770 Fed. App'x 918, 923 (10th Cir. 2019) (listing examples where serving spoiled food on a regular basis caused weight loss, digestive damage, and illness); *Strope v. Sebelius*, 189 Fed. App'x 763, 766 (10th Cir. 2006) (sustaining Eighth Amendment claim where prison officials "routinely served spoiled food, leaving [the inmates] with an inadequate diet"). However, a single incident of food poisoning is generally insufficient to establish an Eighth Amendment violation. *See, e.g., Lewis v. McKinley County. Bd. of County. Comm'rs,* 425 Fed. App'x 723, 727-28 (10th Cir. 2011) (finding

no deprivation where plaintiff believed there was a maggot in her rice); *Robinson v. Gibson*, 201 F.3d 448 (10th Cir. 1999) (finding no objective violation where the inmate's "food was not hot and sometimes contained" pests, even though such "conditions are certainly not optimal and understandably objectionable"); *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning … does not constitute a violation of … constitutional rights").

The Complaint here merely alleges PNM served contaminated meat and that Plaintiff experienced stomach and digestive issues. It is unclear how long the symptoms lasted; whether Plaintiff became ill on more than one occasion; and whether Plaintiff was deprived of sufficient food as a result of the contamination. *See DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (noting "the length of exposure to the [allegedly unsafe] conditions is often of prime importance"). The Complaint therefore fails to provide sufficient factual detail to satisfy the objective component of the Eighth Amendment test. The Complaint is also devoid of facts relating to the subjective component, *i.e.,* facts showing any Defendant knew Plaintiff "faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

For these reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. The Complaint's reference to "state law" is also insufficient to raise any particular claim. The Court will dismiss the Complaint without prejudice under 28 U.S.C. § 1915(e). The Tenth Circuit counsels that *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law, unless amendment would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. The amendment will supersede the current Complaint and must include all

claims Plaintiff wishes to raise.  If Plaintiff fails to timely amend or files another complaint that fails to state a cognizable claim, the Court may dismiss the federal claims with or without prejudice. The Court may also decline to exercise supplemental jurisdiction over any state law claims and dismiss those claims without prejudice.

**IT IS ORDERED** that Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 2**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e); and within thirty (30) days of entry of this ruling, Plaintiff shall file an amended complaint.

**SO ORDERED**.


_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE