IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOLESLO ROMERO,

    Plaintiff,

v.                                                                                  No. 24-cv-0684-KWR-JMR

FNU LUCERO, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Boleslo Romero's failure to amend his prisoner civil rights complaint to state a plausible claim, as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint (Doc. 2) alleges prison officials served contaminated meat to inmates. It further alleges "[t]he kitchen staff knew," and the "other defendant[s] did not inspect the food." *See* Doc. 2 at 5. Plaintiff developed stomach and digestive issues after eating the contaminated food. *Id.* The original Complaint raises a conditions-of-confinement claim under 42 U.S.C. § 1983 and a claim under unspecified "state laws." *Id.* at 3. Plaintiff seeks at least $240,000 in damages from four Defendants: (1) Summit Foods; (2) an Unnamed Warden; (3) Captain Rosenbaucher; and (4) Deputy Warden Lucero. *Id.* at 2-3.

By a ruling entered July 2, 2025, the Court screened the original Complaint and determined it fails to state a cognizable 42 U.S.C. § 1983 claim against any Defendant. *See* Doc. 9 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* dismissal of *in forma pauperis* complaints that fail to state a cognizable claim for relief). Specifically, the original Complaint fails to connect any specific Defendant to the alleged wrongdoing. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (the plaintiff's ... passive-voice [allegations] showing that his rights 'were

violated' will not suffice [to state a claim]. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."). The Screening Ruling further explains that *respondeat superior* liability is not available in § 1983 cases, and there are no facts showing any supervisor or entity defendant promulgated a policy that caused harm. *See Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (addressing liability of prison supervisors); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to entity-defendants).

Alternatively, the Screening Ruling explains that the alleged facts are insufficient to state a conditions-of-confinement claim under the Eighth Amendment. *See* Screening Ruling at 4-6. The facts are too conclusory to demonstrate a substantial risk of harm. *Id.* The original Complaint (Doc. 2) is also devoid of facts showing any Defendant "disregarded [a serious] risk by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). The Screening Ruling therefore dismissed all federal claims in the original Complaint (Doc. 2) under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6). The Court reserved ruling on whether to exercise supplemental jurisdiction on any state claims.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* invited Plaintiff to amend his pleading within thirty (30) days of entry of the Screening Ruling. To assist with the amendment, the Court set out the relevant pleading standards under § 1983 and the Eighth Amendment. *See* Doc. 9 at 3-6. The Screening Ruling warns that if Plaintiff fails to timely amend, the Court may dismiss the federal claims and decline to exercise supplemental jurisdiction over any state claims. *Id.* at

The deadline to file an amended complaint expired no later than August 1, 2025. Plaintiff

did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss all federal claims in the original Complaint (Doc. 2) without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6). To the extent the original Complaint (Doc. 2) raises state law claims, the Court declines to exercise supplemental jurisdiction and will dismiss such claims without prejudice. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (courts should generally decline to exercise supplemental jurisdiction when no federal claims remain).

**IT IS ORDERED** that this case, including each claim in Plaintiff Boleslo Romero's Prisoner Civil Complaint (**Doc. 2**), is **DISMISSED without prejudice** for the reasons stated above; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

/S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE